| | | |
|---|---|---|
| **DONNELL ALEXANDER TAYLOR,** | ) | |
| | ) | |
|    **Petitioner,** | ) | |
| | ) | |
| **vs.** | ) | **ORDER** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
|    **Respondent.** | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court upon Petitioner Donnell Alexander Taylor's pro se

Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. No. 1), and

"Motion to Supplement" his § 2255 Motion to Vacate (Doc. No. 5).

## I.    BACKGROUND

On December 4, 2006, a federal jury convicted Taylor of possession with intent to

distribute crack cocaine and aiding and abetting the same, in violation of 21 U.S.C. §§ 841(a)(1),

851 and 18 U.S.C. § 2 (Count One); possession of a firearm during and in relation to a drug

trafficking crime, in violation of 18 U.S.C. § 924(c) (Count Two), and possession of a firearm by

a felon, in violation of 18 U.S.C. § 922(g) (Count Three).  Verdict, Doc. 48.[1]  Prior to

sentencing, a presentence report ("PSR") was prepared using the 2006 United States Sentencing

Guidelines ("U.S.S.G.") Manual, and the probation officer concluded Taylor qualified for an

enhanced sentence as a career offender under U.S.S.G. § 4B1.1.  PSR, Doc. 69 ¶¶ 20, 32, 34-35.

According to the PSR, Taylor qualified as a career offender under U.S.S.G. § 4B1.1, based on

---

[1] Unless otherwise indicated, citations to documents that do not appear in parenthesis are from Petitioner's underlying criminal case:  United States v. Taylor, 3:05-cr-00297-FDW-1, (W.D.N.C.), and citations to documents that appear in parenthesis are from the instant civil action:  Taylor v. United States, 5:16-cv-132-RLV (W.D.N.C.).

his prior North Carolina convictions for Assault with Deadly Weapon Inflicting Serious Injury ("AWDWISI"), Possession With Intent to Manufacture, Sell or Deliver Marijuana, and Possession With Intent to Sell and Deliver Cocaine.  Id. at ¶ 20.

The probation officer calculated a guidelines sentencing range of 420 months to life in prison for all three counts.  Id. at ¶ 64.  The statutory term of imprisonment for Count One was 120 months to life in prison, while Count Two carried a mandatory consecutive sentence of at least five years.  Id.  The statutory term for Count Three was a maximum of 10 years.  Id.

This Court sentenced Taylor to 480-month and 120-month concurrent prison terms for Counts One and Three, respectively, and to a term of 60 months' imprisonment for Count Two, to run consecutively to Counts One and Three.  Judgment 2, Doc. 54.  Judgment was affirmed on appeal.  United States v. Taylor, 283 F. App'x 172, 176 (4th Cir. 2008) (unpublished).

Taylor filed a timely § 2255 motion to vacate, which this Court dismissed.  Order, Taylor v. United States, No. 3:09-cv-00089-FDW (W.D.N.C July 20, 2009), Doc. No. 2.  Thereafter, he filed several unauthorized successive motions to vacate, which were dismissed.[2]

On June 20, 2016, Taylor sought authorization to file a successive motion to vacate in the Fourth Circuit Court of Appeals, contending that under the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015), made retroactive to cases on collateral review, Welch v. United States, 136 S. Ct. 1257 (2016), he no longer qualifies as a career offender under the federal sentencing guidelines and should be resentenced.  (Pet., Doc. No. 1.)  The Fourth Circuit granted Taylor's motion and authorized him to file a successive § 2255 motion based on Johnson.  (4th Cir. Order, Doc. No. 1-1.)  Taylor filed the instant Motion to Supplement his § 2255 Motion to Vacate on November 14, 2016.  (Doc. No. 5.)

---

[2] See Taylor v. United States, No. 3:12-cv-00549-FDW (W.D.N.C. dismissed Oct. 5, 2012), Doc. No. 2; United States v. Taylor, No. 3:05-cr-00297-FDW (W.D.N.C. dismissed Aug. 6, 2014), Doc. No. 78 (construing Motion to Reduce Sentence, Doc. No. 76, as an unauthorized, successive § 2255 motion to vacate).

## II.    STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings in the United

States District Court, sentencing courts are directed to examine motions to vacate, along with

"any attached exhibits and the record of prior proceedings" in order to determine whether a

petitioner is entitled to any relief.  If it plainly appears that the petitioner is not entitled to relief,

the court must dismiss the motion.  See id.  After conducting its initial review, the Court finds

that the claims presented in the Motion to Vacate can be resolved based on the record and

governing case law.  See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III.    DISCUSSION

### A.  Johnson Claim

In Johnson v. United States, the Supreme Court held that the residual clause of the Armed

Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), is unconstitutionally vague under the Due

Process Clause of the Fifth Amendment.  135 S. Ct. at 2558.  The ACCA provides for a

mandatory minimum sentence of 15 years in prison for a defendant convicted of being a felon in

possession of a firearm, 18 U.S.C. § 922(g), if the defendant has at least three prior convictions

for serious drug offenses or violent felonies.  See § 924(e)(1).  "Violent felony" is defined in the

ACCA as "any crime punishable by imprisonment for a term exceeding one year" that "(i) has as

an element the use, attempted use, or threatened use of physical force against the person of

another; or (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves

conduct that presents a serious potential risk of physical injury to another.*"  § 924(e)(2)(B)

(emphasis added).

The italicized closing words of § 924(e)(2)(B) constitute the ACCA's residual clause.

Johnson, 135 S. Ct. at 2556.  The Court left intact the remainder of the ACCA's "violent felony"

definition, including the four enumerated offenses and the "force clause."  Id. at 2563.  Thus, a

defendant who was sentenced under the ACCA to a mandatory minimum term in prison based on a prior conviction that satisfies only the residual clause of the ACCA's "violent felony" definition is entitled to relief from his sentence.

Although Taylor was convicted of being a felon in possession of a firearm, in violation of § 922(g), his sentence was not enhanced under the ACCA. It was enhanced under the federal Sentencing Guidelines. PSR, Doc. No. 69 at ¶¶ 20, 32, 34-35.

Under the career offender guideline,

> A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S.S.G. § 4B1.1(a) (2006). When Taylor's was sentenced, the definition of the term "crime of violence" contained a force clause, an enumerated clause, and a residual clause (which was later rescinded). Under that definition, a federal or state offense punishable by more than one year of imprisonment qualifies as a crime of violence if the offense "has as an element the use, attempted use, or threatened use of physical force against the person of another" (force clause); "is burglary of a dwelling, arson, or extortion, [or] involves use of explosives" (enumerated clause); "or otherwise involves conduct that presents a serious potential risk of physical injury to another" (residual clause). § 4B1.2(a) (2006).

Because the career offender's residual clause is identical to the ACCA's residual clause invalidated in <u>Johnson</u>, Taylor contends that his North Carolina conviction for AWDWISI no longer qualifies as a predicate offense under the career offender guideline because it satisfies only the residual clause of the definition of "crime of violence." The holding in <u>Johnson</u> does not extend to the advisory federal sentencing guidelines, however. <u>See</u> <u>Beckles v. United States</u>, 137 S. Ct. 886 (2017). In <u>Beckles</u>, the Supreme Court held that the advisory Guidelines,

including U.S.S.G. § 4B1.2(a)'s residual clause, are not subject to a vagueness challenge under the Due Process Clause because the advisory Guidelines "do not fix the permissible range of sentences" but "merely guide the exercise of a court's discretion in choosing an appropriate sentence within the statutory range." Id. at 892. Despite Johnson, then, the residual clause of the career offender guideline remains valid, id., and Taylor is not entitled to relief.

### B.  Motion to Supplement

Taylor seeks to amend his Motion to Vacate by adding a claim that his convictions for possession of a firearm during and in relation to a drug trafficking crime (Count Two) and possession of a firearm by a felon (Count Three) should be vacated because the firearm at issue was an "antique." (Mot. to Suppl., Doc. No. 5.) Whether a defendant may amend his § 2255 pleading is governed by Federal Rule of Civil Procedure 15. See United States v. Pittman, 209 F.3d 314, 317 (4th Cir. 2000). Rule 15(a) provides that a party may amend its pleading once as a matter of course within 21 days or within 21 days after service of a responsive pleading. Fed. R. Civ. P. 15(a)(1). However, where a petitioner seeks to amend his motion to add a claim that is otherwise time-barred by the applicable statute of limitations, Rule 15(c)(1) requires that the amended claim "relate[] back to the date of the original pleading." Fed. R. Civ. P. 15(c)(1); see also Pittman, 209 F.3d at 317.

A federal district court must dismiss any claim brought in a § 2255 motion that is filed more than one year after the date on which: (1) the judgment of conviction becomes final; (2) the impediment to making a motion, created by unlawful governmental action, is removed and the petitioner was prevented from making a motion by such action; (3) the United States Supreme Court initially recognized the constitutional right asserted, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the facts supporting the claims presented could have been discovered with due diligence. 28 U.S.C.

§ 2255(f)(1)-(4). Taylor's proposed claim is untimely under § 2255(f)(1) because his judgment became final more than a year ago. Based upon the facts alleged in the Motion to Supplement, § 2255(f)(4) does not apply, and given Taylor's history of litigation, an assertion that § 2255(f)(2) applies would not be credible.

As for § 2255(f)(3), the time for filing a claim under Johnson expired on June 26, 2016; Taylor filed his Motion to Supplement on November 14, 2016. Thus, unless his proposed claim relies upon another constitutional right newly recognized by the United States Supreme Court and made retroactively applicable to cases on collateral review, it is untimely under § 2255(f)(3).

The basis of Taylor's proposed claim is that the shotgun at issue in Counts Two and Three, a Mossberg .410, was not a "firearm" as that term is defined by statute. To establish a violation of 18 U.S.C. § 924(c)(1) (West 1999 & Supp. 2008), "the government must prove that the defendant used or carried a firearm during and in relation to a drug trafficking crime or possessed a firearm in furtherance of a drug trafficking crime." United States v. Stephens, 482 F.3d 669, 673 (4th Cir. 2007). To establish a violation of 18 U.S.C. § 922(g)(1) (2000), the Government had to establish that "(1) the defendant previously had been convicted of a [felony] . . . ; (2) the defendant knowingly possessed . . . the firearm; and (3) the possession was in or affecting commerce, because the firearm had traveled in interstate or foreign commerce at some point during its existence." United States v. Moye, 454 F.3d 390, 395 (4th Cir. 2006) (en banc) (internal quotation marks and citation omitted). For the purposes of both offenses, the term "firearm" means: "(A) any weapon (including a starter gun) which will or is designed to or may readily be converted to expel a projectile by the action of an explosive; (B) the frame or receiver of any such weapon; (C) any firearm muffler or firearm silencer; or (D) any destructive device." 18 U.S.C.A. § 921(a)(3) (West 2006). "Such term does not include an antique firearm," however. Id.

Such was the state of the law when Taylor was indicted, convicted, and sentenced. As such, he could have challenged the classification of the Mossberg .410 shotgun as a firearm under § 922(g) and § 924(c) at sentencing on direct appeal. See § 2255(f)(4). Moreover, Taylor has not pointed to, and this Court was unable to find, any constitutional right newly recognized by the United States Supreme Court concerning the definition of a "firearm" under § 921(a)(3).[3] See § 2255(f)(3). Consequently, Taylor's proposed claim is time-barred, and he must demonstrate that it "relates back to the date of the original pleading," Fed. R. Civ. P. 15(c)(1), before the Court may consider the claim on its merits.

Rule 15(c)(1)(B) provides that an amendment relates back when it "asserts a claim or defense that arose out of the conduct, transaction or occurrence set out-or attempted to be set out-in the original pleading." Fed. R. Civ. P. 15(c)(1)(B). As the Supreme Court made clear in Mayle v. Felix, 545 U.S. 644 (2005), however, in the context of a habeas motion, "conduct, transaction, or occurrence" does not mean the same "trial, conviction, or sentence," such that any claim that relates to the prior conviction or sentence challenged in a habeas motion is considered timely, no matter how long after the original motion it is filed. Id. at 664. Rather, a proposed amendment relates back to the date of the original motion if it "state[s] claims that are tied to a common core of operative facts." Id. at 664.

In this case, Taylor's motion to vacate challenges his classification as a career offender for sentencing purposes. His career offender status was based upon his prior state convictions. In his proposed claim, Taylor essentially argues that he is actually innocent of two of his underlying federal offenses, neither of which was used to determine his career offender status at sentencing. Thus, the claim raised in Taylor's Motion to Vacate and his proposed claim are not

---

[3] Taylor's reliance on Henderson v. United States, 135 S. Ct. 1780 (2015) is misplaced. (Mot. to Suppl. 1, Doc. No. 5.) Henderson addressed the transfer of firearms owned by a convicted felon to a third party, id., not the definition of "firearm."

tied to a common core of operative facts. Therefore, the proposed claim does not relate back to Taylor's original pleading, see Fed. R. Civ. P. 15(c)(1), and his Motion to Supplement shall be denied.

## IV. CONCLUSION

Taylor is not entitled to relief under Johnson, and his Motion to Vacate shall be dismissed. Taylor's Motion to Supplement his § 2255 Motion shall be denied; the proposed claim is time-barred and does not relate back to the claim raised in the § 2255 Motion.

**IT IS, THEREFORE, ORDERED** that:

1.  Petitioner's Motion to Vacate, Set Aside or Correct Sentence (Doc. No. 1) is **DISMISSED**;

2.  Petitioner's "Motion to Supplement [§] 2255" (Doc. No. 5) is **DENIED**; and

3.  Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings in the United States District Courts, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

Signed: August 18,

Frank D. Whitney
Chief United States District Judge