| | | |
|---|---|---|
| DONNELL ALEXANDER TAYLOR, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court upon Petitioner Donnell Alexander Taylor's Rule

59(e) Motion to Reconsider dismissal of his pro se 28 U.S.C. § 2255 Motion to Vacate, Set

Aside, or Correct Sentence and denial of his "Motion to Supplement" his § 2255 Motion to

Vacate. (Doc. No. 8.). Also before the Court are three motions to supplement the Motion to

Reconsider. (Doc. Nos. 9, 10, 11-1.)

## I.    BACKGROUND

On December 4, 2006, a federal jury convicted Taylor of possession with intent to

distribute crack cocaine and aiding and abetting the same, in violation of 21 U.S.C. §§ 841(a)(1),

851 and 18 U.S.C. § 2 (Count One); possession of a firearm during and in relation to a drug

trafficking crime, in violation of 18 U.S.C. § 924(c) (Count Two), and possession of a firearm by

a felon, in violation of 18 U.S.C. § 922(g) (Count Three). Verdict, Doc. 48.[1]  Prior to

sentencing, a presentence report ("PSR") was prepared using the 2006 United States Sentencing

Guidelines ("U.S.S.G.") Manual, and the probation officer concluded Taylor qualified for an

---

[1] Unless otherwise indicated, citations to documents that do not appear in parenthesis are from Petitioner's underlying criminal case:  United States v. Taylor, 3:05-cr-00297-FDW-1, (W.D.N.C.), and citations to documents that appear in parenthesis are from the instant civil action:  Taylor v. United States, 5:16-cv-132-RLV (W.D.N.C.).

enhanced sentence as a career offender under U.S.S.G. § 4B1.1.  PSR, Doc. 69 ¶¶ 20, 32, 34-35.

According to the PSR, Taylor qualified as a career offender under U.S.S.G. § 4B1.1, based on

his prior North Carolina convictions for Assault with Deadly Weapon Inflicting Serious Injury

("AWDWISI"), Possession With Intent to Manufacture, Sell or Deliver Marijuana, and

Possession With Intent to Sell and Deliver Cocaine.  Id. at ¶ 20.

The probation officer calculated a guidelines sentencing range of 420 months to life in

prison for all three counts.  Id. at ¶ 64.  The statutory term of imprisonment for Count One was

120 months to life in prison, while Count Two carried a mandatory consecutive sentence of at

least five years.  Id.  The statutory term for Count Three was a maximum of 10 years.  Id.

The Court sentenced Taylor to 480-month and 120-month concurrent prison terms for

Counts One and Three, respectively, and to a term of 60 months' imprisonment for Count Two,

to run consecutively to Counts One and Three.  Judgment 2, Doc. 54.  Judgment was affirmed on

appeal.  United States v. Taylor, 283 F. App'x 172, 176 (4th Cir. 2008) (unpublished).

Taylor filed a timely § 2255 motion to vacate, which this Court dismissed.  Order, Taylor

v. United States, No. 3:09-cv-00089-FDW (W.D.N.C July 20, 2009), Doc. No. 2.  Thereafter, he

filed several unauthorized successive motions to vacate, which were dismissed.[2]

On June 20, 2016, Taylor sought authorization to file a successive motion to vacate in the

Fourth Circuit Court of Appeals, contending that under the Supreme Court's decision in Johnson

v. United States, 135 S. Ct. 2551 (2015), made retroactive to cases on collateral review, Welch v.

United States, 136 S. Ct. 1257 (2016), he no longer qualifies as a career offender under the

federal sentencing guidelines and should be resentenced.  (Pet., Doc. No. 1.)  The Fourth Circuit

granted Taylor's motion and authorized him to file a successive § 2255 motion based on

---

[2] See Taylor v. United States, No. 3:12-cv-00549-FDW (W.D.N.C. dismissed Oct. 5, 2012), Doc. No. 2; United States v. Taylor, No. 3:05-cr-00297-FDW (W.D.N.C. dismissed Aug. 6, 2014), Doc. No. 78 (construing Motion to Reduce Sentence, Doc. No. 76, as an unauthorized, successive § 2255 motion to vacate).

Johnson.  (4th Cir. Order, Doc. No. 1-1.)

In his Motion to Vacate, Taylor raised a single claim -- that pursuant to the holding in Johnson, 135 S. Ct. 2551, his North Carolina conviction for AWDWISI no longer qualifies as a predicate crime of violence under the residual clause of the career offender sentencing guideline. (§ 2255 Mot. 4, Doc. No. 1.)  On November 14, 2016, Taylor filed a Motion to Supplement his § 2255 Motion to Vacate, seeking to add a claim that his convictions for possession of a firearm during and in relation to a drug trafficking crime (Count Two) and possession of a firearm by a felon (Count Three) should be vacated because the firearm at issue was an "antique."  (Mot. to Suppl. § 2255 Mot., Doc. No. 5.)

After Taylor filed his Motion to Vacate, the United States Supreme Court issued its opinion in Beckles v. United States, holding that Johnson does not extend to the advisory federal sentencing guidelines.  137 S. Ct. 886 (2017).  Because the residual clause of the career offender guideline under which Taylor was sentenced remained valid, this Court determined he was not entitled to relief under Johnson.  (Order Dismiss. § 2255 Mot. 4-5, Doc. No. 6.)

As for Taylor's Motion to Supplement his Motion to Vacate, the Court found the Motion was untimely because it was not filed within a year of the Johnson decision, see § 2255(f)(3), and the facts supporting the claims presented in the Motion could have been discovered with due diligence prior to his convictions, see § 2255(f)(4).  (Order Deny. Mot. to Suppl. § 2255 Mot. 6-7, Doc. No. 6.)  The Court also found the claims raised in the Motion to Supplement did not relate back to the claims raised in the Motion to Vacate, see Fed. Rule Civ. P. 15(c)(1)(B).  (Id. at 7-8.)  As such, the Court denied the Motion to Supplement and dismissed the Motion to Vacate.  (Doc. No. 6 at 8.)  Taylor is seeking reconsideration of the Court's judgment.  (Doc. Nos. 8-10, 11-1.)  Order dismissing the Motion to Vacate and denying the Motion to Supplement based upon the Supreme Court's decisions in Dean v. United States, 137 S. Ct. 1170 (2017)

(Doc. No. 8), <u>Mathis v. United States</u>, (Doc. No. 9), and <u>Class v. United States</u>, (Doc. No. 11-1),

as well as the Fourth Circuit's opinions in <u>United States v. Newbold</u>, 791 F.3d 455 (4th Cir.

2015) (Doc. No. 10) and <u>United States v. Carthorne</u>, (Doc. Nos. 11-1).

## II.  DISCUSSION

Because Taylor's Motion to Reconsider (Doc. No. 8) was filed within 28 days of entrance

of judgment in this action, it shall be considered under Federal Rule of Civil Procedure 59(e).  A

district court "has the discretion to grant a Rule 59(e) motion only in very narrow circumstances:

'(1) to accommodate an intervening change in controlling law; (2) to account for new evidence

not available at trial; or (3) to correct a clear error of law or to prevent manifest injustice.'"  <u>Hill</u>

<u>v. Braxton</u>, 277 F.3d 701, 708 (4th Cir. 2002) (quoting <u>Collison v. Int'l Chem. Workers Union</u>,

34 F.3d 233, 236 (4th Cir. 1994)).  "Rule 59(e) motions may not be used to make arguments that

could have been made before the judgment was entered."  <u>Hill</u>, 277 F.3d at 708.

Taylor argues the Court should reconsider its judgment in light of the Supreme Court's

decision in <u>Dean v. United States</u>, 137 S. Ct. 1170 (2017).  In <u>Dean</u>, the Court held that a

sentencing court can consider that a defendant is subject to mandatory consecutive sentences

under 18 U.S.C. § 924(c) when calculating the appropriate sentence for the predicate offense.  <u>Id.</u>

at 1178.  Taylor contends that if he were sentenced today, he would no longer qualify as a career

offender because of a change in the career offender guideline, and this Court could depart

downward on the sentence for his predicate drug offense.  (Rule 59(e) Mot. 1, Doc. No. 8.)

In his Motion to Vacate, Taylor claimed he was entitled to relief from his career offender

sentence enhancement because the holding in <u>Johnson</u> invalidated the residual clause in the

career offender guideline's definition of crime of violence.  The holding in <u>Dean</u> has no bearing

on whether the <u>Johnson</u> decision invalidated the residual clause of the career offender guideline.

Consequently, <u>Dean</u> does not represent an intervening change in the controlling law of this case.

4

Additionally, Dean has not been "deemed to apply retroactively" to cases on collateral review. See Habeck v. United States, 741 F. App'x 953, 954 (4th Cir. 2018) (affirming dismissal of § 2241 petition alleging Dean claim because "Dean has not been held to apply retroactively to cases on collateral review"); see also In re Dockery, 869 F.3d 356, 356 (5th Cir. 2017) (holding Dean has not been recognized as applying retroactively to cases on collateral review). Finally, Taylor's assertion that he would not qualify as a career offender if sentenced today is conclusory, as he has alleged no facts to support that assertion.

With respect to reconsideration of Taylor's Motion to Supplement his § 2255 Motion, he has not identified any intervening change in controlling law that would make the claims raised therein timely or relate back to the claims raised in the Motion to Vacate. He likewise has not identified any new evidence not available at trial that would render the claims raised therein timely. Nor does he allege the Court clearly erred in concluding that the Motion to Supplement was untimely and that the claims raised did not relate back to the claims raised in the Motion to Vacate. See Hill, 277 F.3d at 708.

As for reconsideration to "prevent manifest injustice," Taylor mischaracterizes the Court's Order denying the Motion to Supplement. Contrary to Taylor's assertions, the Court did not concede, acknowledge, determine, or otherwise find that the shotgun at issue in Counts Two and Three was not a qualifying firearm under the definition provided in 18 U.S.C.A. § 921(a)(3) (West 2006). The Court stated the law as it existed at the time Taylor was indicted, convicted, and sentenced, concluded that Taylor could have argued at any time, up to and including on direct appeal, that the shotgun at issue was an antique and/or was not a qualifying firearm, and found that Taylor's Motion to Supplement was therefore untimely under § 2255(f)(4). (Order Deny. Mot. to Suppl. § 2255 Mot. 6-7.) The Court did not make any finding with respect to whether such a challenge on Taylor's part would have been successful. For the reasons stated,

Taylor's Rule 59(e) Motion to Reconsider shall be denied.

Taylor's three motions to supplement his Rule 59(e) Motion (Doc. Nos. 9, 10, 11-1) shall be construed as motions for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b) because they were filed more than 28 days after judgment was entered in this civil action. See Fed. R. Civ. P. 59(e). Rule 60(b) is an "extraordinary remedy" which sets aside "the sanctity of [a] final judgment." Compton v. Alton Steamship Co., Inc., 608 F.2d 96, 102 (4th Cir. 1979) (citation and internal quotation marks omitted). To obtain Rule 60(b) relief, a movant must first demonstrate that he has moved in a timely fashion, that he has a meritorious defense to the judgment, that the opposing party would not be unfairly prejudiced if the judgment is vacated, and that exceptional circumstances justify relief. See Aikens v. Ingram, 652 F.3d 496, 501 (4th Cir. 2011); Werner v. Carbo, 731 F.2d 204, 206-07 (4th Cir. 1984) (citing Compton, 608 F.2d at 102). Thereafter, the movant must show relief from judgment is warranted under one of the six circumstances set out in Rule 60(b), including mistake, newly discovered evidence, fraud or misconduct by an opposing party, a void judgment or a judgment that has been satisfied, or "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(1)-(6).

Rule 60 applies to § 2255 proceedings only "to the extent that [it is] not inconsistent with" applicable statutory provisions and rules. Rules Governing Section 2255 Proceedings in the United States District Courts, Rule 12, 28 U.S.C. foll. § 2255. Among the statutory provisions governing § 2255 proceedings are those that expressly limit a petitioner's ability to attack his criminal judgment in a subsequent collateral proceeding. See, e.g., § 2244(b)(3)(A). "Before a second or successive application permitted by [§ 2244] is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." Id.; see also 28 U.S.C. § 2255(h) (stating that "[a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate

court of appeals"). As a general matter, a Rule 60(b) motion "directly attacking the prisoner's conviction or sentence will usually amount to a successive [habeas] application." United States v. Winestock, 340 F.3d 200, 207 (4th Cir. 2003); see also Gonzalez v. Crosby, 545 U.S. 524, 531-33 (2005) (concluding that a Rule 60(b) motion for relief from judgment that directly challenges the underlying conviction constitutes a successive § 2254 petition). On the other hand, "[a] Rule 60(b) motion that challenges some defect in the integrity of the federal habeas proceedings . . . is a true Rule 60(b) motion, and is not subject to the preauthorization requirement." United States v. McRae, 793 F.3d 392, 397 (4th Cir. 2015).

The first step for the Court, then, is to determine whether Taylor's motions challenge some defect in the integrity of the federal habeas proceedings. See id. They do not.

In his first motion to supplement/Rule 60(b) motion, Taylor contends the Court should consider the impact of the Supreme Court's decision in Mathis v. United States, 136 S.Ct. 2243 (2016), on the continuing viability of his North Carolina drug convictions as predicate felonies under the career offender guideline. (Doc. No. 9.) In Mathis, the Supreme Court held that a state burglary conviction could not serve as a predicate conviction for purposes of the Armed Career Criminal Act sentencing enhancement, 18 U.S.C. § 924(e), because it covered a "greater swath of conduct" than generic burglary. 136 S. Ct. at 2250-51. Taylor asserts that his predicate convictions for possession with intent to deliver marijuana and cocaine used to designate him as a career offender are invalid under the principles set forth Mathis, although he does not explain why that is the case. Mathis, however, merely clarifies when a court must apply the categorical approach, rather than the modified categorical approach, in determining the nature of a prior conviction, and did not effect a change in the law. Muhammad v. Wilson, 715 F. App'x 251, 252 (4th Cir. 2017) (unpublished) ("Mathis did not announce a substantive change to the law.").

As noted, in his Motion to Vacate, Taylor claimed that pursuant to the holding in

Johnson, 135 S. Ct. 2551, his North Carolina conviction for AWDWISI no longer qualifies as a predicate crime of violence under the career offender sentencing guideline. (§ 2255 Mot. 4.) He did not claim that his state drug convictions no longer qualify as predicate offenses under Johnson or any other case or statutory provision. Thus, Taylor's first motion to supplement/Rule 60(b) motion does not challenge a defect in the integrity of the federal habeas proceedings; it raises new claims attacking his 2007 judgment. It is, therefore, a successive habeas application subject to the preauthorization requirement of § 2244(b)(3)(A). See Winestock, 340 F.3d at 207.

In his second motion to supplement/Rule 60(b) motion, Taylor claims for the first time in these proceedings that trial counsel was ineffective for failing to argue that the shotgun at issue in Counts Two and Three was not a qualifying firearm under the definition provided in 18 U.S.C.A. § 921(a)(3). He also claims for the first time that appellate counsel was ineffective for failing to raise the issue on appeal. (Doc. No. 10.) Again, Taylor does not allege a defect in the integrity of the federal habeas proceedings but raises entirely new claims attacking his 2007 judgment. Consequently, his second motion to supplement/Rule 60(b) motion is a successive habeas application subject to the preauthorization requirement of § 2244(b)(3)(A). See Winestock, 340 F.3d at 207.

Finally, in his third motion to supplement/Rule 60(b) motion, Taylor asks the Court to vacate his § 924(c) conviction under its "inherent new powers," recognized by the Supreme Court in Class v. United States, 138 S.Ct. 798 (2018), to "correct . . . [an] issue of constitutional magnitude" such as a wrongful conviction under § 924(c) for possession of an antique firearm. (Doc. No. 11-1.) As noted previously, Taylor raised the issue of whether the shotgun forming the basis of the § 924(c) and § 922(j) convictions qualified as a "firearm" under those statutes in his Motion to Supplement the § 2255 Motion to Vacate. (Doc. No. 5.) The Court denied the Motion to Supplement because the claims raised therein were untimely and did not relate back to

the single claim raised in the Motion to Vacate, <u>see</u> Fed. R. Civ. P. 15(c)(1)(B).  (Order Deny. Mot. to Suppl. § 2255 Mot. 6-8.)  Taylor does not challenge either of those conclusions; he merely argues new grounds for relief from his 2007 judgment.  (Doc. No. 11-1.)  Therefore, his third motion to supplement/Rule 60(b) motion is a successive habeas application subject to the preauthorization requirement of § 2244(b)(3)(A).  <u>See</u> <u>Winestock</u>, 340 F.3d at 207.

Taylor has not demonstrated he has obtained authorization from the Fourth Circuit Court of Appeals to file a successive application for habeas relief since this Court entered its judgment dismissing the Motion to Vacate in this action.  <u>See</u> § 2255(h).  If a prisoner files a second or successive application for habeas relief without authorization from the appropriate federal court of appeals, the district court is required to dismiss the petition without considering its merits. <u>See</u> <u>Burton v. Stewart</u>, 549 U.S. 147, 153 (2007) (holding that failure of petitioner to obtain authorization to file a "second or successive" petition deprived the district court of jurisdiction to consider the second or successive petition "in the first place"); <u>Winestock</u>, 340 F.3d at 205 ("In the absence of pre-filing authorization, the district court lacks jurisdiction to consider an application containing abusive or repetitive claims.") (citation omitted).  Because Taylor has not obtained the required authorization from the Fourth Circuit to file a successive habeas action challenging his 2007 judgment, this Court does not have jurisdiction to consider the claims raised in his motions to supplement/Rule 60(b) motions, and they must be dismissed.  <u>See</u> <u>Burton</u>, 549 U.S. at 153; <u>Winestock</u>, 340 F.3d at 205.

**IT IS, THEREFORE, ORDERED** that:

1.    Petitioner's Rule 59(e) Motion to Reconsider (Doc. No. 8) is **DENIED**;

2.    Petitioner's "Motion to Supplement Reconsideration Motion" (Doc. No. 9),
       "Motion to Supplement Reconsideration Motion with New Fourth Circuit
       Precedent of U.S. v Carthorne, 16-6515" (Doc. No. 10), and "Motion to

Supplement Filing with Intervening Supreme Court Ruling of Class v United States, 16-424 (SP. Ct. 2018)" (Doc. No. 11-1) are construed as Rule 60(b) motions for relief from judgment and are **DISMISSED** without prejudice as unauthorized, successive applications for habeas relief; and

3.  Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings in the United States District Courts, this Court declines to issue a certificate of appealability.  See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

**SO ORDERED.**
Signed: April 23, 2019

Frank D. Whitney
Chief United States District Judge